IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                                CR. No. 21-1060 JCH

**PERRY DEAN BROADWAY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's pro se *Motion for Adjustment of Sentence* [Doc. 47], filed November 6, 2023. The Federal Public Defender has declined to file a motion on behalf of the Defendant [Doc. 48], and on July 15, 2024, the government filed its response [Doc. 52]. For the reasons stated herein, the Court will deny the motion.

## BACKGROUND

The Defendant pled guilty to a single count of possession with intent to distribute 500 grams and more of cocaine. Doc. 44. Defendant had a criminal history score of 4 establishing a criminal history category of III. The total offense level was 28. Accordingly, the guideline imprisonment range was 97 to 121 months. However, the Government and the Defendant entered into a plea agreement. Doc. 36.

On January 12, 2023, the Court sentenced Defendant to 70 months imprisonment. Doc. 44.

## APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive

pursuant to § 994(u)." *Dillon v. United States*. 560 U.S. 817, 824 (2010) (quoting § 3582(c)(2)). When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision. However, ameliorative amendments to the Guidelines do not create a right to a sentence reduction. *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012).

Prior to November 1, 2023, the United States Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines § 4A1.1(d)(pre-amendment). Beginning November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. In addition, a person with six or fewer criminal history points now receives no status points. *See id.* § 4A1.1(e). Furthermore, under Part B of Amendment 821, § 4C1.1(a) of the Sentencing Guidelines now provides a two-offense-level reduction under certain circumstances for offenders who present with zero criminal history points. However, that reduction is available only to a defendant who did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. U.S.S.G. § 4C1.1(a)(7). On August 24, 2023, the Commission made these amendments retroactive effective November 1, 2023. *See* § 1B1.10(d).

## **DISCUSSION**

After reviewing the motion, the response, and the record, the Court concludes that Defendant is ineligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). First,

Defendant did not receive any status points because he was not under a criminal justice sentence when he committed the offense for which he was convicted in this case. His criminal history category remains unchanged. Accordingly, he does not qualify for a reduction in sentence under Part A of Amendment 821.

Second, Defendant does not qualify for a reduction under Part B of Amendment 821 because he was not a zero-point offender. At sentencing Defendant had previous convictions that resulted in four criminal history points and a criminal history category of III from Chapter Four, Part A, of the Guidelines. This alone renders him ineligible. He does not qualify for a reduction in sentence as a zero-point offender.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Adjustment of Sentence* [Doc. 47] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**